■ CHRISTOPHER BECKLES et al., Respondents, v GENERAL ELECTRIC CORPORATION, Appellant, et al., Defendants. (And a Third-Party Action.) [670 NYS2d 539] —In an action to recover damages for personal injuries, etc., the defendant General Electric Corporation appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated February 28, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint and all cross claims are dismissed insofar as asserted against General Electric Corporation.

On October 24, 1990, the plaintiff Christopher Beckles, an employee of the New York City Transit Authority (hereinafter NYCTA), was performing track repair work when he was struck by a train. The locomotive that powered the train lacked a speedometer and was manufactured by the appellant General Electric Corporation. The NYCTA's rules prohibited all trains traveling through worksites from exceeding a speed of 10 miles per hour. After an investigation of the accident it was determined that the subject train was traveling in excess of the maximum allowable speed. The injured plaintiff alleges that had the locomotive been equipped with a speedometer the accident would never have occurred since the operators of the train would have driven the train at the required lower speed.

A contractor who manufactures a product following the plans and specifications of the purchaser will not be held liable for an injury caused by an alleged design defect in the product (*see, Loconti v Creede,* 169 AD2d 900). Here, the evidence showed that the appellant manufactured the locomotive in question according to the instructions and specifications of the NYCTA. Therefore, it cannot be held liable for an alleged design defect.

In light of our determination we need not address the appellant's remaining contentions. O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.