■ JULIA DAVIS, Appellant, v HSS PROPERTIES CORPORATION, Respondent, et al., Defendants. [685 NYS2d 16] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered October 1, 1997, which granted the motion of defendant HSS

Properties Corporation for summary judgment and dismissed plaintiff's complaint, unanimously reversed, on the law, without costs, motion denied and the complaint reinstated.

Plaintiff has appealed from an order, which is actually a decision, entered July 31, 1997. Pursuant to CPLR 5520 (c), we treat this premature notice of appeal as a valid one from the actual order entered October 1, 1997.

Defendant HSS Properties Corporation (HSS) is the owner of a building in which portions, including the floor where the accident occurred, were leased to the Hospital for Special Surgery. Plaintiff was a computer operator working for the hospital on the date of the accident. On the second floor, where plaintiff worked, the hospital had installed and maintained a raised computer floor resting on pedestals raised about 10 inches from the floor. The floor consisted of 24-inch by 24-inch floor tiles inserted into a frame so that computer wires could be run underneath the floor. Plaintiff fell into a floor opening where, she asserts, two or three of the tiles had been removed. It is undisputed that at least one of the tiles had been removed at least three to six months prior to the incident for the purpose of running wires into the computers. The Supreme Court granted HSS's motion for summary judgment as an out-of-possession owner, finding that the removal of the panel was a temporary condition created by the tenant for which the owner was not liable.

"Generally, an out-of-possession landlord may not be held liable for a third party's injuries on his premises unless he has notice of the defect and has consented to be responsible for maintenance or repair" (*Velazquez v Tyler Graphics*, 214 AD2d 489). With regard to notice, plaintiff stated in her affidavit in opposition to defendant's motion that the treasurer for HSS, Mr. John Reynolds, knew of the floor opening since "I observed him on the second floor on several occasions prior to my accident." Further, while the IAS Court found that the missing tile was a temporary condition created solely by the tenant, the tiles, as noted, had been removed and computer wires run through the opening for at least three months, if not much more.

Further, it is conceded that the landlord had the right to re-enter the premises pursuant to paragraph 13 of the lease. Constructive notice is found "where an out-of-possession landlord reserves a right under the terms of a lease to enter the premises for the purpose of inspection and maintenance or repair and a specific statutory violation exists" (*Velazquez v Tyler Graphics, supra,* at 489). Accordingly, the defendant

landlord is deemed to have constructive notice of any statutory violation. 12 NYCRR 16.2 (e), part of the Industrial Code, provides with regard to floor openings: "All floor openings into which a person can accidentally fall and except as otherwise provided in this Part, shall be protected by a standard railing and toe board or by an enclosure at least 42 inches in height." There is no evidence that the opening was protected in this form. Also, there is an issue as to whether the missing tiles were in a corridor located between a storage unit where the computer tapes were kept and the actual computer systems themselves. Under these circumstances, there are also potential violations of Administrative Code of the City of New York § 27-369, which requires that corridors "shall be kept readily accessible and unobstructed at all times."

Accordingly, since there is a factual issue as to whether defendant had *actual* notice of removed tiles, and under the lease the landlord had constructive notice of specific statutory violations, and since there are further factual issues as to whether the Industrial Code requirement concerning openings in floors and the Administrative Code requirement concerning accessibility of corridors were violated, the IAS Court should have denied defendant landlord's motion for summary judgment. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.