■ RUTH CORTES et al., Respondents, v 1515 WILLIAMSBRIDGE ASSOCIATES, LLC, Appellant. [743 NYS2d 476] —Order, Supreme

Court, Bronx County (Michael DeMarco, J.), entered September 6, 2001, which, in an action for personal injuries sustained when plaintiff fell on a stairway in premises leased by her employer, denied defendant premises owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff claims that she fell down the stairs due to the presence of grease and the absence of a handrail; defendant claims that it is entitled to summary judgment as an out-of-possession landlord. Under paragraph 16 of its lease with plaintiff's employer, defendant was required to "make all structural repairs and replacements necessitated by original defects in construction." The paragraph then states that the word " '[s]tructural' as used herein, includes" certain specifically identified parts of the premises, but stairs and handrails are not included in the list. Given the word "all" immediately preceding the word "structural," paragraph 16 should not be construed as limited to the things mentioned; and given that the leading precedent holding an out-of-possession landlord liable for a failure to make structural repairs involved, inter alia, the very same Building Code handrail provision allegedly violated here (*Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565-566; Administrative Code of City of NY § 27-375 [f]), paragraph 16 should be construed as including stairway handrails. It should also be construed as implying a right of reentry necessary to accomplish the structural repairs and replacements it requires of defendant. Accordingly, defendant's motion for summary judgment was properly denied, there being issues of fact as to whether there was a violation of the Building Code, and, if so, whether and to what extent such violation caused plaintiff's injuries. Concur— Nardelli, J.P., Buckley, Rosenberger, Ellerin and Rubin, JJ.