■ ZAIDE A. LOPEZ, Appellant, v 1372 SHAKESPEARE AVENUE HOUSING DEVELOPMENT FUND CORPORATION, Respondent, et al., Defendants. [750 NYS2d 44] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered October 22, 2001, which, insofar as appealed from, granted defendant 1372 Shakespeare Avenue Housing Development Fund Corporation's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated against said defendant.

Plaintiff sustained personal injuries as a result of a slip and

fall while ascending a sloped exit/entrance ramp within the subject premises owned by defendant 1372 Shakespeare Avenue Housing Development Fund Corporation (Shakespeare) and leased to defendant Juan E. Medina and Juan Medina doing business as Medina's Supermarket (Medina). In both her verified bill of particulars and supplemental bill of particulars, plaintiff alleged, inter alia, that her fall was caused by an accumulation of rainwater on the ramp, that the slope of the ramp and the position of the handrail were in violation of the New York City Building Code and that defendants had actual and constructive notice of both the water accumulation and the Building Code violations.

Subsequently, defendant Shakespeare moved for summary judgment, contending that, as an out-of-possession owner of the subject premises, it did not have actual or constructive notice of the alleged hazardous conditions and that the alleged Building Code violations were not a proximate cause of plaintiff's injuries. In opposition, plaintiff, inter alia, submitted an affidavit of a licensed professional engineer, which concluded that the subject ramp and handrails were in violation of specific Building Code regulations and that these violations were the competent producing cause of plaintiff's injuries. In granting summary judgment to Shakespeare, the motion court found, inter alia, that the affidavit of plaintiff's expert was insufficient to create a material issue of fact to preclude summary relief. We reverse.

Generally, an out-of-possession landlord may not be held liable for a third party's injury on his or her premises unless the landlord has notice of the defect and has consented to be responsible for maintenance or repair (*Manning v New York Tel. Co.*, 157 AD2d 264; *see also Velazquez v Tyler Graphics*, 214 AD2d 489). Constructive notice may be found, however, where, as here, the landlord expressly reserves a right under the terms of the lease to enter the premises for the purpose of inspection, maintenance and repair, and there is a specific statutory violation (*Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559; *see also, Velazquez v Tyler Graphics, supra*). Accordingly, Shakespeare is deemed to have constructive notice of any Building Code violation (*see Cortes v 1515 Williamsbridge Assoc.*, 295 AD2d 188; *Davis v HSS Prop. Corp.*, 257 AD2d 500).

Furthermore, Shakespeare's contention that the structural defects alleged by plaintiff's expert are irrelevant since the accumulation of water, not any statutory violations, was the proximate cause of plaintiff's injuries is not supported by the

record. It is well settled that there can be more than one proximate cause of an accident and there is no requirement that a plaintiff exclude every possible cause other than defendant's breach of duty. (*Lynn v Lynn*, 216 AD2d 194, 195-196.) Plaintiff's expert affidavit, together with plaintiff's testimony, sufficiently raises triable issues of fact as to whether plaintiff's fall was caused by a defectively designed, nonconforming ramp and handrail or by the accumulation of water, thus precluding summary relief (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, *supra*; *Lievano v Browning School*, 265 AD2d 233). Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.