■ AGUEDA SANTANA et al., Appellants-Respondents, v SEAGRAVE FIRE APPARATUS CORP. et al., Respondents, et al.,

Defendants, RITE MANAGEMENT CORP., Respondent-Appellant, and BETTER MANAGEMENT CORP. et al., Appellants. (Action No. 1.) AGUENDA SANTANA et al., Appellants, v CAMPBELL SUPPLY Co., INC., Respondent. (Action No. 2.) [759 NYS2d 509] —In two related actions, inter alia, to recover damages for personal injuries and wrongful death, (1) the plaintiffs in both actions appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (R. Goldberg, J.), entered February 28, 2001, as, upon, among other things, a jury verdict, and the granting of the respective motions of the defendants Seagrave Fire Apparatus Corp., and the City of New York pursuant to CPLR 4404 (a) to set aside so much of the jury verdict in Action No. 1 as is in favor of the plaintiffs and against them, dismissed the complaint in that action insofar as asserted against those defendants, awarded damages in that action in the principal sum of only $5,000 for the pain and suffering of Yreno Espinosa, the plaintiff Agueda Santana's decedent, $20,000 for past economic loss and $30,000 for future economic loss to each of the plaintiffs Edwin Espinosa and Lissette Espinosa, $75,000 for past pain and suffering to Edwin Espinosa, and $200,000 for past pain and suffering and $20,000 for future pain and suffering to Lissette Espinosa, and dismissed the complaint in Action No. 2, and (2), the defendant Rite Management appeals from so much of the same judgment as adjudicated it liable for the entire verdict in Action No. 1 in favor of the plaintiffs, and the defendants Better Management Corp, Crotona Management Corp., and Rose Management Corp. separately appeal from the same judgment.

Ordered that the appeals of the defendants Better Management Corp., Crotona Management Corp., and Rose Management Corp., are dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding damages to the plaintiff Agueda Santana as administrator of the estate of Yreno Espinosa, for the pain and suffering of Yreno Espinosa, and awarding damages to the plaintiff Agueda Santana, as mother and natural guardian of Lissette Espinosa, for the past and future pain and suffering of Lissette Espinosa, and substituting therefor a provision granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the plaintiffs, unless within 30 days after the service upon the defendant Rite Management Corp. of a copy of this decision and order, the defendant Rite Management Corp. shall serve and file in the office of the Clerk of the Supreme Court,

Kings County, a written stipulation consenting to increase the verdict as to damages to the plaintiff Agueda Santana, as administrator of the estate of Yreno Espinosa, for the pain and suffering of Yreno Espinosa from $5,000 to $100,000, and damages for the past pain and suffering of Lissette Espinosa from $200,000 to $300,000, and future pain and suffering of Lissette Espinosa from $20,000 to $200,000 and to the entry of an appropriate amended judgment; in the event the defendant Rite Management Corp. so stipulates, then the amended judgment, as so increased and amended, is affirmed, without costs or disbursements.

This action arises out of an accident which occurred during the rescue of the plaintiffs from a fire in their apartment building. The plaintiffs were unable to reach the fire escape because of smoke and flames, and were unable to exit to the roof. The roof bulkhead doors were locked from the outside. Firefighters rushed to the scene, where they could see Yreno Espinosa, the plaintiff Agueda Santana's decedent, calling for help at a sixth floor window. They extended a ladder to the window and a firefighter climbed up. Espinosa then ducked back into the room and emerged first with his young son and then with his young daughter, handing them to the firefighter. As the ladder began to slip off the window sill, Agueda Santana climbed out and sat on the edge of the ladder. As the ladder began to slide down the building, Espinosa attempted to jump on and plunged to his death. The firefighter, Ms. Santana, and the two children were also injured in the fall.

The plaintiffs commenced Action No. 1 against, among others, the manufacturer of the fire apparatus, Seagrave Fire Apparatus Corp. (hereinafter Seagrave), and Action No. 2 against the alleged distributor, Campbell Supply Co., Inc. (hereinafter Campbell Supply) claiming defective design and the failure to warn of the ladder's load limitations. The plaintiffs also alleged, as against the City of New York, that the Fire Department of the City of New York was negligent in purchasing the ladder, and its firefighters were negligent in effectuating the rescue. The plaintiffs further alleged that the management company responsible for the apartment building, Rite Management Corp. (hereinafter Rite Management), was negligent in allowing the roof bulkhead doors to be locked from the outside.

The case proceeded to a jury trial, during which the complaint against Campbell was dismissed for failure to prove a prima facie case. When the jury first came back with its verdict, it found the remaining defendants at fault. However, in answering the interrogatories the jury found the City was not

negligent under either the negligent purchase theory or the negligent firefighting theory. After reconsidering its verdict, the jury changed its conclusion and found that the City had violated mandatory firefighting procedures. The Supreme Court then set aside the verdict and dismissed the claims against the City, finding no evidence in the record to support the jury's conclusion. The Supreme Court also set aside the verdict against Seagrave, since the jury found that it complied with the City's specifications in manufacturing the ladder and could therefore not be liable for any alleged defect. As a result of these dismissals, Rite Management was adjudged solely liable for the damages awarded to the plaintiffs.

The Supreme Court properly dismissed the complaint in Action No. 2 (*see* CPLR 4401; *Szczerbiak v Pilat,* 90 NY2d 553 [1997]; *Lyons v McCauley,* 252 AD2d 516 [1998]), as the plaintiffs failed to set forth a prima facie case that Campbell Supply was the distributor of the fire apparatus involved in this accident (*see Sukljian v Ross & Son Co.,* 69 NY2d 89 [1986]; *Giuffrida v Panasonic Indus. Co.,* 200 AD2d 713 [1994]). Moreover, the Supreme Court properly set aside the jury verdict against Seagrave and entered judgment in its favor (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). The jury found that Seagrave followed the specifications of the City in manufacturing the fire apparatus, and that the City's purchase of the apparatus was rational. The only possible inference from these two conclusions is that the jury did not believe that the specifications were so defective as to put Seagrave on notice that the apparatus was potentially dangerous, and therefore the claim against Seagrave cannot stand (*see Beckles v General Elec. Corp.,* 248 AD2d 575 [1998]; *West v City of Troy,* 231 AD2d 825 [1996]; *Lonigro v TDC Elecs.,* 215 AD2d 534 [1995]).

The verdict against the City on the plaintiffs' claim for negligent firefighting was also properly set aside and judgment entered in the City's favor. The testimony indicated that the positioning of the fire apparatus was a matter within the professional judgment of the firefighters in an emergency situation (*see Desmond v City of New York,* 88 NY2d 455, 465 [1996]; *Tango v Tulevech,* 61 NY2d 34, 41-42 [1983]). Moreover, there was no indication that the ideal procedure in positioning and using the apparatus represented a mandatory or immutable rule (*see Kenavan v City of New York,* 70 NY2d 558 [1987]; *Shelton v City of New York,* 256 AD2d 611 [1998]; *Von Ancken v City of New York,* 245 AD2d 286 [1997]; *cf. Danbois v New York Cent. R.R. Co.,* 12 NY2d 234 [1963]; *Vyse v City of New York,* 144 AD2d 452 [1988]).

The Supreme Court properly declined to set aside the jury verdict against Rite Management. The violation of a specific directive contained in a statute constitutes negligence per se (*see Bauer v Female Academy of Sacred Heart,* 97 NY2d 445 [2002]; *Ragona v Hamilton Hall Realty,* 251 AD2d 391 [1998]). There was no dispute at trial that the roof bulkhead doors were padlocked shut from the outside with a chain in violation of Multiple Dwelling Law § 233 (6). The jury reasonably could have concluded from the evidence presented that this violation was a proximate cause of the accident.

The damages awarded for the pain and suffering of Yreno Espinosa and the past and future pain and suffering of the infant plaintiff Lissette Espinosa deviate materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]).

The parties' remaining contentions either are academic or without merit. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.