■ JULIA DAVIS, Appellant, v HSS PROPERTIES CORPORATION et al., Respondents, et al., Defendants. [767 NYS2d 72]—

Judgment, Supreme Court, Bronx County (Anne Targum, J.), entered on or about October 16, 2001, which, upon a jury verdict, dismissed the complaint as against defendant HSS Properties Corporation (HSS), unanimously affirmed, without costs.

Plaintiff sustained injury when she stepped into a 10-inch depression created by the removal of a tile in a suspended floor installed by defendant HSS in the computer room of its tenant, nonparty Hospital for Special Surgery, at the tenant's request. Under the lease, the hospital is responsible for the maintenance of the demised premises, including structural and nonstructural repairs caused by the "carelessness, omission, neglect or improper conduct of Tenant . . . or which arise out of any work . . . done for or supplied to the tenant." The owner remains responsible for maintaining the exterior and public areas of the building and reserves the right to make certain repairs for which the tenant is responsible at the tenant's expense.

In the absence of a statute imposing liability per se (see *Elliott v City of New York,* 95 NY2d 730, 734 [2001]; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 638 [1996]) or a contractual obligation to repair and maintain the premises (*Putnam v Stout,* 38 NY2d 607 [1976]; *Manning v New York Tel. Co.,* 157 AD2d 264, 266 [1990]), an out-of-possession owner can be held liable for a subsequent injury resulting from a dangerous condition in the building under a theory of constructive notice only where it has reserved the right to enter the premises to perform inspection, maintenance and repairs at the tenant's expense and injury was caused by "a significant structural or design defect that is contrary to a specific statutory safety provision" (*McDonald v Riverbay Corp.,* 308 AD2d 345, 346 [2003], quoting *Johnson v Urena Serv. Ctr.,* 227 AD2d 325, 326 [1996], *lv denied* 88 NY2d 814 [1996]; *see Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566 [1987]).

The record contains testimony from which the jury could reasonably find that there was no defect in the floor at the time the Hospital for Special Surgery took possession of the demised premises and that no agent of defendant HSS was aware of the subsequent removal of the floor tiles. Thus, the evidence does not mandate the conclusion that HSS had actual knowledge of the hazardous condition. Furthermore, the trial court properly declined to instruct the jury, over plaintiff's objection, that the alleged violation constitutes negligence per se. While the owner did not completely divest itself of the right to enter and make repairs to the demised premises, the asserted violation of provisions of the Administrative Code of the City of New York does

not make the owner negligent as a matter of law; rather, proof of the violation is merely some evidence of negligence (*Elliott* at 734-735). This Court's observation, on a summary record, that defendant HSS is deemed to have constructive notice of a violation of the Administrative Code (257 AD2d 500, 501-502 [1999]) is not tantamount to a finding of liability and, in any event, does not preclude our unfettered review of the legal sufficiency of the evidence supporting the jury verdict (*Metropolitan Life Ins. Co. v Noble Lowndes Intl.,* 192 AD2d 83, 87-88 [1993], *affd* 84 NY2d 430 [1994]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.