■ JOHN HOULIHAN, Appellant, v MORRISON KNUDSEN CORPORATION, Respondent. [768 NYS2d 495]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hall, J.), dated February 7, 2002, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action sounding in strict products liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a subway conductor employed by the New York City Transit Authority (hereinafter the TA), was injured on the job when he lost his balance on a moving subway train and his hand went through an open window in the conductor's booth, striking a stationary object in the tunnel. The plaintiff commenced this action against the defendant, the manufacturer of the window, asserting, inter alia, that the defendant was strictly liable for its defective design.

When a product is manufactured in accordance with plans and specifications provided by the purchaser, the manufacturer is not liable for an injury caused by an alleged design defect in the product, unless the specifications are so patently defective that a manufacturer of ordinary prudence would be placed on notice that the product is dangerous and likely to cause injury (see Santana v Seagrave Fire Apparatus Corp., 305 AD2d 395, 398 [2003]; Beckles v General Elec. Corp., 248 AD2d 575, 576 [1998]). The defendant established its prima facie entitlement to summary judgment dismissing the cause of action sounding in strict products liability by demonstrating that, pursuant to a contract with the TA, it had replaced the subject window eight years before the plaintiff's accident, in conformance with TA specifications.

The affidavit of the plaintiff's engineering expert failed to raise a triable of fact since it was conclusory and unsupported by any foundational data or facts (see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 [1991]; Billordo v E.P. Realty Assoc., 300 AD2d 523, 524 [2002]; Aghabi v Sebro, 256 AD2d 287, 288 [1998]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.