■ GENEVIEVE PETERS, Appellant, v 1625 EAST 13TH STREET OWNERS, INC., et al., Respondents. [794 NYS2d 446]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated September 22, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On the afternoon of October 19, 2001, the plaintiff slipped and fell on a staircase in an apartment building owned and managed by the defendants. The defendants sustained their initial burden of demonstrating their entitlement to summary judgment by submitting evidence, including the plaintiff's deposition testimony, which established that there was no defective condition on the stairway (*see Hyman v Queens County Bancorp*, 307 AD2d 984 [2003], *affd* 3 NY3d 743 [2004]).

In opposition to the motion, the plaintiff submitted her affidavit in which she averred that when she stumbled, she reached for the handrail which was on the right side of the staircase but "was unable to grasp it because it was substantially lower than it should have been and was much lower than the handrail on the left side of the stairway." The plaintiff additionally submitted an affidavit of her engineering expert stating that he visited the building in question on July 2, 2002, measured the stairway and handrails at that time and had concluded that the handrail on the right of the subject staircase was 3½ to 7½ inches too low and in violation of, inter alia, the 1938 Building Code of the City of New York (hereinafter the 1938 Code), which was in effect when the building was constructed. The evidence submitted by the plaintiff raised triable issues of fact as to whether the height of the handrail complied with the pertinent regulations of the 1938 Code and whether that violation, if any, was the proximate cause of the plaintiff's accident (*see Viscusi v Fenner*,

10 AD3d 361; *Hotzoglou v Hotzoglou,* 221 AD2d 594 [1995]; *Cirino v Greek Orthodox Community of Yonkers,* 193 AD2d 576 [1993]). Therefore, the Supreme Court should have denied the motion. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.