■ MIGUEL NEGRON, Appellant, v RODRIGUEZ & RODRIQUEZ STORAGE & WAREHOUSE, INC., Respondent. [806 NYS2d 180]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 14, 2004, dismissing the complaint pursuant to the prior grant of defendant's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff was allegedly injured while moving a piano, and commenced this action against the owner of the premises. Defendant established that its sole shareholder and principal was also sole shareholder and principal of plaintiff's employer, the lessee of the premises where the accident occurred. Under these circumstances, the motion court properly determined that plaintiff's exclusive remedy was benefits under the Workers' Compensation Law (*see Macchirole v Giamboi*, 97 NY2d 147, 150 [2001]; *Heritage v Van Patten*, 59 NY2d 1017, 1018-1019 [1983]).

In any event, liability against defendant landowner may be predicated only upon the owner's possession and control of the premises (*see Butler v Rafferty*, 100 NY2d 265, 270 [2003]); an out-of-possession owner who did not create the unsafe condition will not be liable for injuries that occur on the premises unless it has retained control over the premises or is contractually or statutorily obligated to repair or maintain the property (*see Torres v West St. Realty Co.*, 21 AD3d 718 [2005]; *Davis v HSS Props. Corp.*, 1 AD3d 153, 154 [2003], *lv denied* 1 NY3d 509 [2004]). Here, defendant presented unrefuted evidence that it was an out-of-possession owner and had vested exclusive possession and control of the premises to plaintiff's employer; that defendant had no workers or other personnel on the property; and that it did not own and/or maintain any of the equipment there. Consequently, summary judgment dismissing the complaint was appropriately granted to defendant. Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.