■ CLAUDIA MARTINEZ et al., Appellants, v PORFIRIO MELENDEZ, Respondent. [821 NYS2d 270]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Grays, J.), dated March 29, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs commenced this action against their landlord alleging that a dangerous and defective condition on the hallway stairs was a proximate cause of a trip and fall by the plaintiff Anthony Dique, then nine years old. At an examination before trial, Dique testified that he was descending the stairs while carrying his bicycle with his right hand, and that he tripped and fell after three or four steps, when one of his feet caught the edge of a metal nosing. Dique "tried to grab the handrail," which was to his left, but his hand "just slipped off." He fell down the stairs with his right leg out straight and his left leg bent behind him.

The landlord moved for summary judgment dismissing the complaint based, inter alia, upon Dique's deposition testimony. In opposition, the plaintiffs submitted an engineer's affidavit, stating that the height of the handrail was insufficient pursuant to Multiple Dwelling Law § 52. The Supreme Court granted the motion. With respect to the metal nosing the court noted that "a small gap between the nosing and the tile of the top step" was insufficient to raise a triable issue of fact as to liability. With respect to the handrail, the court found that the plaintiffs "failed to raise a triable issue with regard to causation, offering only speculation that in the circumstances presented the existing handrail was beyond reach," citing *Hyman v Queens County Bancorp, Inc.* (3 NY3d 743 [2004], *affg* 307 AD2d 984 [2003]).

We agree with the conclusion of the Supreme Court that the plaintiffs failed to raise a triable issue of fact with respect to the nosing of the step. However, with respect to the handrail, the plaintiffs raised a triable issue of fact. The insufficient height of the handrail, if established at trial, would constitute negligence per se (*see Santana v Seagrave Fire Apparatus Corp.*, 305 AD2d 395 [2003]). Moreover, Dique claimed that as he slipped, he grabbed the handrail and his hand slipped off. His attempt to use the existing handrail gives rise to an issue of fact as to whether the alleged defect in the existing handrail contributed to the accident (*see Cruz v Lormet Hous. Dev. Fund Corp.*, 7 AD3d 660 [2004]). Since there are issues of fact as to whether Multiple Dwelling Law § 52 was violated, whether the violation constituted a proximate cause of the accident if it was violated, and whether Dique was comparatively negligent, summary judgment should have been denied. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.