The decision and order of this Court entered herein on February 11, 2010 (70 AD3d 472 [2010]) is hereby recalled and vacated (*see* 2010 NY Slip Op 69732[U] [decided simultaneously herewith]).

■ Rosa Green, Appellant, v Fairway Operating Corp. et al., Respondents, et al., Defendants. [898 NYS2d 848]—Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 14, 2009, which, in an action for personal injuries sustained in a slip and fall in defendants-respondents' (defendants) supermarket, denied plaintiff's motion to vacate a prior order that had granted defendants' motion for summary judgment upon plaintiff's default, unanimously affirmed, without costs.

Plaintiff fails to show a meritorious cause of action (*see Kalisch v Maple Trade Fin. Corp.*, 35 AD3d 291 [2006]). In order to establish a meritorious cause of action, the affidavit of her nonparty witness who accompanied her to the supermarket was essential. The affidavit of plaintiff's witness, purportedly sworn to in the Dominican Republic, lacks the certificate of conformity (Real Property Law § 301-a) required by CPLR 2309 (c), and therefore is not properly before the Court (*see Matter of Elizabeth R.E. v Doundley A.E.*, 44 AD3d 332 [2007]). Concur— Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.

■ Mariusz Labecki, Appellant, v West Side Equities, LLC, et al., Respondents. [900 NYS2d 45]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered June 1, 2009, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 11, 2009, which granted defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff commenced this action seeking damages for injuries

sustained when he was doing cement work on the basement floor of a building owned by defendant West Equities and managed by defendant Garfield Development. Defendant Alan Garfield was the president and sole shareholder of Garfield Development, as well as the sole member of West Equities. Supreme Court dismissed the action as barred by the Workers' Compensation Law.

On appeal, plaintiff essentially argues that Supreme Court erred in granting summary judgment dismissal because there is a factual dispute as to which entity (the owner or the managing agent) employed the super when the latter hired plaintiff, presumably on behalf of his employer. The employer issue is relevant to Workers' Compensation Law § 11, to the extent it precludes a plaintiff from bringing an action against his or her employer for job-related injuries. This purported dispute, however, is irrelevant in this case because the action is barred under the exclusivity provision for coemployees of Workers' Compensation Law § 29 (6), which makes compensation the exclusive remedy of an employee injured by the negligence or wrong of another in the same employ.

Regardless of whether the super was employed by the owner or the managing agent, the undisputed fact remains that Alan Garfield is a coemployee with the super. Thus, regardless of any duty defendants had to maintain the premises in a safe condition, the action is barred by the exclusivity provision for coemployees in Workers' Compensation Law § 29 (6) (*Heritage v Van Patten*, 59 NY2d 1017 [1983]; *Negron v Rodriguez & Rodriquez Stor. & Warehouse, Inc.*, 23 AD3d 159 [2005]; *Medrano v Pritchard Indus.*, 298 AD2d 271 [2002]; *Concepcion v Diamond*, 224 AD2d 189 [1996]). Concur—Tom, J.P., Andrias, Sweeny, Nardelli and Renwick, JJ.