■ GULSHEN KURTISHI et al., Appellants, v CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Respondent, et al., Defendant. (Action No. 1.) GULSHEN KURTISHI et al., Appellants, v PATRICK PAGE et al., Defendants, and ASPLUNDH TREE EXPERT Co., Respondent. (Action No. 2.) [903 NYS2d 531]—

In related actions to recover damages for personal injuries, etc., which were joined for trial, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated March 11, 2009, which granted the motion of the defendants Central Hudson Gas & Electric Corporation and Asplundh Tree Expert Co. for summary judgment dismissing the complaint in action No. 1 insofar as asserted against the defendant Central Hudson Gas & Electric Corporation and dismissing the complaint in action No. 2 insofar as alleged against the defendant Asplundh Tree Expert Co.

Ordered that the order is affirmed, with costs.

The plaintiff Gulshen Kurtishi claims that she was injured in a fall after allegedly receiving an electric shock when power lines were downed after a tree branch between two utility poles fell upon the wires. The plaintiff and her husband, suing derivatively, commenced this action against, among others, Central Hudson Gas & Electric Corporation (hereinafter Hudson), which owned and operated the subject utility poles, and Asplundh Tree Expert Co. (hereinafter Asplundh), the company hired by Hudson to trim trees around the power lines in that location. The Supreme Court granted the motion by Hudson and Asplundh for summary judgment. We affirm.

Hudson established its prima facie entitlement to judgment as a matter of law by submitting proof that at the time the incident allegedly occurred, the plaintiff was located at such a distance from where the wires were downed that any electric conductivity which may have remained in such wires would not have affected her. In opposition, the plaintiff's speculation as to how she may have been shocked was insufficient to raise a triable issue of fact (*see generally Mejia v Era Realty Co.*, 69 AD3d 816 [2010]; *Hunt v Meyers*, 63 AD3d 685 [2009]; *Martinez v Melendez*, 32 AD3d 999 [2006]).

Additionally, Asplundh established its prima facie entitlement to judgment as a matter of law by demonstrating that its tree trimming operations in the subject location were not negligently performed (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions either are without merit or do not warrant a different result. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.