Rakovsky v Rob-Lee Corp. (2018 NY Slip Op 07471)





Rakovsky v Rob-Lee Corp.


2018 NY Slip Op 07471


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-05168
 (Index No. 602888/13)

[*1]Sandra Rakovsky, appellant, 
v
Rob-Lee Corp., et. al., respondents, et al., defendants.


Held & Hines, LLP, Brooklyn, NY (James K. Hargrove of counsel), for appellant.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Margot L. Ludlam of counsel), for respondents.
Paganini, Cioci, Pinter, Cusumano & Farole, Melville, NY (Gregory S. Pinter of counsel), for defendants Gary J. Shore and Gary Shore, M.D., P.C.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), dated March 14, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Rob-Lee Corp., Bill Elliot, and William E. Rosenblatt which was for summary judgment dismissing the complaint insofar as asserted against the defendant Rob-Lee Corp.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Rob-Lee Corp., Bill Elliot, and William E. Rosenblatt which was for summary judgment dismissing the complaint insofar as asserted against the defendant Rob-Lee Corp. is denied.
On November 28, 2012, the plaintiff allegedly was injured when she tripped and fell while descending an interior staircase located in a building owned by the defendant Rob-Lee Corp. On one side of the staircase, there was a wall and a metal handrail attached to the wall. On the other side of the staircase, there was a partial wall with a wooden guardrail on top and open space above the partial wall.
The plaintiff commenced this action against, among others, Rob-Lee Corp. and the defendants Bill Elliot and William E. Rosenblatt (hereinafter collectively the defendants) to recover damages for her personal injuries. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Rob-Lee Corp. The plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Rob-Lee Corp. by submitting, inter alia, the deposition testimony of the parties and photographs, which demonstrated that there was no defective condition on the stairway (see Pwangsunthie v Marco Realty Assoc., L.P., 136 AD3d 502; Bishop [*2]v Marsh, 59 AD3d 483; Chaehee Jung v Kum Gang, Inc., 22 AD3d 441; Peters v 1625 E. 13th St. Owners, Inc., 18 AD3d 456).
In opposition, the plaintiff argued, inter alia, that the absence of a second handrail proximately caused her injuries. She submitted the affidavit of an engineering expert, who averred that the condition of the staircase violated various provisions of the 1984 New York State Fire Prevention and Building Code (hereinafter the Building Code). The plaintiff raised a triable issue of fact regarding the absence of a second handrail. There is no dispute that the staircase required a second handrail (see 9 NYCRR former 765.4[a][11]). Given the plaintiff's deposition testimony that there was nothing to grasp when she reached for the partial wall to her left, coupled with conflicting evidence as to whether the partial wall complied with section 765.4(a)(11) of the Building Code, triable issues of fact exist as to whether the Building Code was violated and whether a violation of that section of the Building Code, if any, was a proximate cause of the plaintiff's injuries (see Martinez v Melendez, 32 AD3d 999; Peters v 1625 E. 13th St. Owners, Inc., 18 AD3d 456; Cortes v 1515 Williamsbridge Assoc., 295 AD2d 188; Cirino v Greek Orthodox Community of Yonkers, 193 AD2d 576).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Rob-Lee Corp.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court