Ileiwat v PS Marcato El. Co., Inc. (2019 NY Slip Op 08946)





Ileiwat v PS Marcato El. Co., Inc.


2019 NY Slip Op 08946


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10564 150343/10

[*1] Abdullah Ileiwat, Plaintiff-Appellant,
v
PS Marcato Elevator Co., Inc., et al., Defendants-Respondents.
PS Marcato Elevator Co., Inc., Third-Party Plaintiff-Respondent,
v
G.R. Housing Corporation, Third-Party Defendant-Respondent. [And a Second Third-Party Action]


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Michael H. Zhu of counsel), for appellant.
Lawrence, Worden, Rainis & Bard, P.C., Melville (Michael E. Shay of counsel), for PS Marcato Elevator Co., Inc., respondent.
Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for Cooper Square Realty, respondent.
Linda A. Stark, New York, for G.R. Housing Corporation, respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 8, 2017, which, to the extent appealed from, granted defendant First Service Residential New York, Inc. f/k/a Cooper Square Realty, Inc.'s (Cooper Square) and defendant PS Marcato Elevator Co., Inc.'s (PS Marcato) motions for summary judgment dismissing the complaint as against them and third-party defendant G.R. Housing Corporation's (G.R.) motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny Cooper Square's motion, and to deny G.R.'s motion to the extent it seeks dismissal of the complaint as against Cooper Square, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured by an elevator falling on him while he was in the elevator pit in a building owned by G.R., which contracted with Cooper Square to maintain the building and with PS Marcato to maintain the elevators.
Contrary to Cooper Square's contention, the complaint and bill of particulars, construed in the light most favorable to plaintiff, allege that PS Marcato owed plaintiff a duty of care because, in failing to exercise reasonable care, it launched a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]), and that Cooper Square owed plaintiff a duty of care because it displaced G.R.'s duty to maintain the premises safely (see id.). Accordingly, to establish their prima facie entitlement to judgment as a matter of law, defendants were also required to address these exceptions to the rule that a contractual obligation will not give rise to tort liability in favor of a third party (see id. at 138) as applicable to them (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2d Dept 2011]).
Cooper Square failed to establish prima facie that it did not displace G.R.'s duty to maintain the premises in a reasonably safe condition. Its management agreement with G.R. authorized Cooper Square to make repairs or alterations to the premises and to purchase supplies and materials for the building. Cooper Square also agreed to "directly supervise the work of, hire and discharge all maintenance and security personnel," and was "clothed with such general authority and powers as may be necessary or advisable to carry out the spirit and intent of th[e] Agreement." An amendment to the management agreement recognized that Cooper Square "ha[d] been delegated significant authority and discretion in the operation of the Building under th[e] Agreement."
The deposition testimony it submitted also undermined Cooper Square's prima facie showing. The building's assistant superintendent, who allegedly instructed plaintiff to climb into the elevator pit, testified that he received his paycheck from Cooper Square and that he was suspended by Cooper Square's property manager after plaintiff's accident. The building superintendent confirmed that the assistant superintendent was suspended. In addition, the president of G.R.'s board of directors testified that the property manager's duties included ensuring "that the building runs properly" and included "[a]nything that has to do with the proper running of the building." Thus, Cooper Square's motion and so much of G.R.'s motion as seeks dismissal of the action as against Cooper Square should be denied without regard to the sufficiency of plaintiff's opposition papers (see Pullman v Silverman, 28 NY3d 1060, 1063 [2016]).
PS Marcato, which inspected and made repairs to the elevator before plaintiff was injured by it, established prima facie that it did not create or exacerbate the dilapidated condition of the elevator, and therefore did not launch a force or instrument of harm (see Espinal, 98 NY2d at 142-143; Fernandez v Otis El. Co., 4 AD3d 69, 73 [1st Dept 2004]). While the record suggests that PS Marcato knew that the elevator was in disrepair and being tampered with, it "did nothing more than neglect to make the [elevator] safer — as opposed to less safe — than it was before" the inspection and repairs were made (Church v Callanan Indus., 99 NY2d 104, 112 [2002]).
Contrary to plaintiff's argument, Rogers v Dorchester Assoc. (32 NY2d 553 [1973]) does not compel a different result. The elevator company in that case, and in the other authorities on which plaintiff relies, was contractually obligated to perform all inspection and maintenance of the subject elevators. PS Marcato's contract with regard to the elevator that injured plaintiff was not a full service contract; it limited PS Marcato's obligations to inspecting and maintaining certain components and aspects of the elevator.
With regard to the contested issue of causation, we note that plaintiff was injured after allegedly following the assistant superintendent's instruction. The record suggests that Cooper Square allowed the elevator that injured plaintiff to remain in service before his accident despite being aware that it was in disrepair and being tampered with (see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp., 299 AD2d 230, 232 [1st Dept 2002] ["It is well settled that there can be more than one proximate cause of an accident]"). Accordingly, issues of fact exist as to whether and to what extent plaintiff's comparative negligence, if any, may relieve Cooper Square of liability (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]; Rotz v City of New York, 143 AD2d 301, 304 [1st Dept 1988]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK