DeRobertis v City of New York
2026 NY Slip Op 03505
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Diana DeRobertis etc., Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants.

Decided and Entered: June 04, 2026
Index No. 157547/16|Appeal No. 6809|Case No. 2024-07745|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Steven Banks, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellants.
Law Office of Beth S. Gereg, Smithtown (Beth S. Gereg of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered November 6, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff's decedent was involved in a motorcycle crash while traveling on the 79th Street Transverse in Central Park. The New York City Police Department performed an investigation shortly after the incident and noted, among other things, a broken pavement surrounding a manhole cover in the center of the eastbound lane, west of the area where the decedent's motorcycle came to rest.
Supreme Court properly denied defendants' motion for summary judgment because the evidence submitted on their motion did not establish as a matter of law that there were no triable issues of fact. Defendants' own submissions identified a defect in the road near the location of the crash, and the officer who investigated the crash stated that the defect was a possible contributing factor to the accident. Defendants cannot sustain their prima facie burden on their motion merely by pointing to other possible causes of the crash, as there can be more than one proximate cause of an accident and there is no requirement that a plaintiff exclude every possible cause other than a defendant's breach of duty (see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp, 299 AD2d 230, 232 [1st Dept 2002]). At best, defendants' submissions present competing inferences as to the cause of the accident, and those competing inferences raise triable issues of fact as to proximate cause (see id.; Schulman v Alliance Energy LLC, 238 AD3d 471, 471-472 [1st Dept 2025]).
Defendants' motion was thus properly denied for their failure to sustain their prima facie burden, regardless of the sufficiency of plaintiffs' opposing papers (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]). Under these circumstances, application of a plaintiff's burden of proof under Noseworthy v City of New York (298 NY 76 [1948]) is irrelevant.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026