■ MIRIAM EIDLITZ, Appellant, v VILLAGE OF DOBBS FERRY, Defendant and Third-Party Plaintiff-Respondent. FRANK PASIUCCO, Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), dated April 19, 1982, as denied her cross motion to amend the caption of her amended complaint to name the third-party defendant Frank Pasiucco as a prime defendant; and (2) from a judgment of the same court (Marbach, J.), entered January 5, 1983, which, upon a jury verdict, was in favor of defendant Village of Dobbs Ferry dismissing plaintiff's amended complaint. Appeal from the order dismissed

(see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the law, order vacated, cross motion granted and new trial also granted. Plaintiff is awarded one bill of costs. Plaintiff sustained injuries when she fell down the front stairs of the Dobbs Ferry Village Hall on July 31, 1978. In her complaint and bill of particulars, plaintiff charged defendant with negligence in that (1) there was a protrusion from the top step of the staircase; and (2) defendant failed to provide a center handrail. The trial court erred in directing the jury that if it did not determine that the protrusion caused plaintiff to fall, the jury could not find negligence. We hold that the plaintiff made out a prima facie case of negligence as to both allegations. Accordingly, the jury should have been permitted to decide the question of whether the defendant village was negligent in failing to provide a center handrail. However, parenthetically we note that in view of the fact that the village hall was constructed prior to the effective date of the State building construction code (9 NYCRR 800.1 *et seq.*), the trial court's preclusion of all references to the code was proper. Plaintiff's appeal from the intermediate order dated April 19, 1982, which necessarily affected the final judgment, was deemed dismissed when the final judgment was rendered (see *Matter of Aho,* 39 NY2d 241, 248, *supra; Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:6, pp 26-27). Accordingly, review of the intermediate order is permitted on appeal from the final judgment (CPLR 5501, subd [a], par 1). On the merits, we find that the denial of plaintiff's cross motion to amend the caption to name the third-party defendant as a prime defendant, on the ground that the amended verified complaint was not served on the third-party defendant, was error. CPLR 1009 does not require service of the amended complaint on the third-party defendant and therefore service upon his attorney was sufficient (see *Jacobs v Driscoll,* 78 NYS2d 813). Gibbons, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.