■ MICHAEL T. DOOLEY, Respondent, v GEORGE DIXON et al., Appellants.—In a negligence action to recover damages for

personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered August 5, 1988, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who weighed approximately 275 pounds on the date of the accident, was injured at the defendants' premises while helping the defendant George Dixon to remove his belongings from the defendants' 1½-story home. The accident occurred when the plaintiff, while carrying an empty dresser drawer in each hand, was descending a wooden staircase which had been constructed, before the defendants purchased the premises, without risers between steps, without handrails, and without attachments on the sides to any walls. For reasons that are not made clear by the record before us, the entire staircase tore loose from where it was joined to the top floor as one of the plaintiff's legs went between two steps near the top. The defendants have appealed from an order denying their motion for summary judgment. We affirm.

Although the defendants claim that they had no notice of any defect or dangerous condition, we cannot conclude as a matter of law that, by maintaining the staircase on their premises as constructed (see, 9 NYCRR 713.1 [f]; see also, 9 NYCRR 713.1 [a]), the defendants exercised reasonable care under the circumstances so as to keep their premises reasonably safe (see, Basso v Miller, 40 NY2d 233). Nor can we conclude as a matter of law that the absence of handrails was not a proximate cause of plaintiff's injuries (see, Eidlitz v Village of Dobbs Ferry, 97 AD2d 747; Lattimore v Falcone, 35 AD2d 1069). Because summary judgment was properly denied, it is unnecessary to presently determine whether the doctrine of res ipsa loquitur is applicable to this case (see, Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226-228; cf., Crosby v Stone, 137 AD2d 785). Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.