■ ARMANDO APODACA, Appellant, v PINE GLEN DEVELOPMENT CORP. et al., Respondents. [619 NYS2d 671] —In an action to recover damages for breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Meehan, J.), dated April 19, 1993, which, upon granting the motion by the defendants Pine Glen of New York, Inc., Pine Glen of Rockland County, Inc., Pine Glen of Orangetown, Inc., Pine Glen of Blauvelt, Inc., D.M.O. Properties, Inc., Michael Orecchio, Jr., Ralph Giarnella, and Donna Orecchio for summary judgment, dismissed the complaint insofar as it is asserted against them.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The court did not err in granting summary judgment to the moving defendants. The mere hope by the plaintiff that he might be able to uncover some evidence during the discovery process which would demonstrate that the moving defendants could be liable was insufficient to deny summary judgment *(see, Frierson v Concourse Plaza Assocs.,* 189 AD2d 609; *Jones v Gameray,* 153 AD2d 550). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.

■ AVIATION PETROLEUM, INC., Appellant, v INDEPENDENT OIL, INC., Also Known as ELLIMED ENERGY GROUP, et al., Respondents. [619 NYS2d 670] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Lefkowitz, J.), dated July 13, 1992, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment because of the existence of numerous factual issues, including whether the defendant had authority to transfer the funds in question *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557). Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.