■ ARMANDO CALDAS et al., Appellants, v 71ST AVENUE ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent. RETSAM CONTRACTING CORP., Third-Party Defendant-Respondent. [642 NYS2d 331] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Posner, J.), dated January 9, 1995, which, *inter alia,* granted the separate motions of the defendant and the third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Labor Law § 200 (1) codifies the common law duty of a landowner and a general contractor to provide construction site workers with a safe work place (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500). Here, the injured plaintiff admitted in deposition testimony that he did not actually see what caused a construction form to fall on him, but speculated that the accident happened because one of his coworkers had placed the form against an improperly constructed scaffold that moved when another one of his coworkers jumped on it. Under these circumstances, the allegedly dangerous condition was created by the subcontractor's methods. It has not been shown that the defendant, who owned the construction site, exercised supervisory control over the manner in which the work was performed (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Lombardi v Stout,* 80 NY2d 290, 295). In addition, there was no showing that the defendant had actual or constructive notice of the defective condition (*see, Mantovi v Nico Constr. Co.,* 217 AD2d 650; *Kennedy v McKay,* 86 AD2d 597, 598).

The Supreme Court properly concluded that the plaintiffs'

allegations were insufficient, as a matter of law, to establish a right to recover. Therefore further discovery was unwarranted (*see, Apodaca v Pine Glen Dev. Corp.,* 209 AD2d 656; *Jones v Gameray,* 153 AD2d 550, 551). Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.