■ Maria Lievano, Respondent, v Browning School, Appellant, et al., Defendants. [696 NYS2d 452] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered February 24, 1999, which, in an action for personal injuries sustained in a fall on a staircase in defendant-appellant's premises, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

An issue of fact as to whether plaintiff's fall was proximately caused by defectively designed staircase handrails is raised by plaintiff's statement that when she felt she was about to fall she tried to hold onto something but found nothing (*compare*, *Lynn v Lynn*, 216 AD2d 194), and the unchallenged statement of her civil engineer that the low positioning of the handrails on the staircase was a significant and dangerous departure from accepted standards. This is particularly so absent proof from defendant that the staircase was ever in conformity with any preexisting standards (*cf.*, *Matter of Allstate Ins. Co. [Sto-*

*larz]*, 81 NY2d 219, 224), particularly absent proof from defendant that the staircase was ever in conformity with any preexisting standards. Nor should the complaint be dismissed simply because particularized notice of this low-handrail theory was not given until plaintiff's attorney served his expert witness notice (*cf.*, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 327), which, we note, was some three months before defendant made the instant motion. Concur—Sullivan, J. P., Nardelli, Tom, Mazzarelli and Friedman, JJ. [As amended by unpublished order entered Jan. 25, 2000.]