■ MARK KANARVOGEL et al., Respondents, v TOPS APPLIANCE CITY, INC., Appellant-Respondent, and ALKO GENERAL CONTRACTORS, INC., Respondent-Appellant. (And a Third-Party Action.) [705 NYS2d 644] —In an action to recover damages for personal injuries, etc., (1) the defendant Tops Appliance City, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 12, 1999, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or, in the alternative, for summary judgment on its cross claim, in effect, for contractual and common-law indemnification from the defendant Alko General Contractors, Inc., and (2) the defendant Alko General Contractors, Inc., appeals from stated portions of the same order.

Ordered that the appeal by the defendant Alko General Contractors, Inc., is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified by (1) deleting the provision thereof denying those branches of the motion of the defendant Tops Appliance City, Inc., which were for summary judgment dismissing the cause of action alleging common-law negligence and the causes of action under Labor Law §§ 200 and 240 (1) insofar as asserted against it and substituting therefor a provision granting those branches of the motion, (2) deleting the provision thereof denying that branch of the motion of the defendant Tops Appliance City, Inc., which was for summary judgment dismissing the plaintiffs' cause of action based on Labor Law § 241 (6) and substituting therefor a provision granting that branch of the motion to the extent that the plaintiffs' cause of action under Labor Law § 241 (6) is based on violations of Industrial Code 12 NYCRR 23-1.7, 23-1.30, 23-7.1, and 23-7.3, and (3) deleting the provision thereof denying that branch of the motion of the defendant Tops Appliance City, Inc., which was for conditional summary judgment on its cross claim against the defendant Alko General Contractors, Inc., for common-law and contractual indemnification and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the appellant Tops Appliance City, Inc., is awarded one bill of costs payable by the respondents and the respondent-appellant.

The plaintiff Mark Kanarvogel (hereinafter the plaintiff) was injured when he fell down an interior staircase in a building owned by the defendant Tops Appliance City, Inc. (hereinafter Tops). His fall occurred after a sheet metal panel he was carrying up the staircase struck the stairwell's ceiling. He claimed that he was denied access to the freight elevator and therefore was required to carry his materials and tools up the stairwell. He commenced this action against, among others, Tops, to recover damages based on alleged violations of Labor Law §§ 200, 240 (1), and § 241 (6), as well as common-law negligence. The Supreme Court denied Tops' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or, in the alternative, for summary judgment on its cross claims for common-law and contractual indemnification from the defendant Alko General Contractors, Inc.

As the plaintiff's injuries did not result from an elevation-

related hazard within the meaning of Labor Law § 240 (1) (*see, Melber v 6333 Main St.,* 91 NY2d 759; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Norton v Park Plaza Owners Corp.,* 263 AD2d 531; *Barrett v Ellenville Natl. Bank,* 255 AD2d 473; *Maggi v Innovax Methods Group Co.,* 250 AD2d 576), his cause of action against Tops alleging a violation of Labor Law § 240 (1) should have been dismissed.

The Supreme Court also should have dismissed the causes of action alleging common-law negligence and a violation of Labor Law § 200. While Tops was the owner of the work site, it is undisputed that it exercised no supervisory control over the manner in which the work was performed and there was no evidence that it possessed actual or constructive notice that the plaintiff was denied use of the freight elevator (*see, Lombardi v Stout,* 80 NY2d 290; *Caldas v 71st Ave. Assocs.,* 227 AD2d 428).

The Supreme Court properly denied that branch of Tops' motion which was to dismiss the plaintiff's cause of action pursuant to Labor Law § 241 (6) to the extent it alleged a violation of Industrial Code 12 NYCRR 23-2.7 (e), which mandates the presence of a safety railing in stairwells where the stairway was not yet enclosed and/or guardrails are not yet installed. Given the plaintiff's testimony that he reached out to try to stop his fall, there is an issue of fact as to whether the absence of guardrails was a proximate cause of his injury (*see, Palmeri v Briarwood at Alley Pond Condominium,* 264 AD2d 386; *Hotzoglou v Hotzoglou,* 221 AD2d 594; *Dooley v Dixon,* 154 AD2d 331; *Lattimore v Falcone,* 35 AD2d 1069). However, the remaining sections of the Industrial Code on which the plaintiff relied are either inapplicable to the facts of this case or they are general rather than specific safety regulations (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*).

In addition, since the record established that the liability of Tops, if any, would be vicarious, Tops was entitled to conditional summary judgment on its claims for contractual and common-law indemnification from the general contractor, the defendant Alko General Contractors, Inc. (*see, Werner v East Meadow Union Free School Dist.,* 245 AD2d 367; *Richardson v Matarese,* 206 AD2d 354). Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.