■ Haydee Cruz, Respondent, v Lormet Housing Development Fund Corporation, Appellant, and Aldasa Corporation, Respondent. [776 NYS2d 842]—

In an action to recover damages for personal injuries, the defendant Lormet Housing Development Fund Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 5, 2003, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action seeking to recover damages for injuries she sustained when she slipped and fell on a staircase in a building owned by the defendant Lormet Housing Development Fund Corporation. She allegedly slipped on a "wet paint" sign on the staircase and lost her balance. When she reached forward to grab for the banister, it was too low for her to grab, and she fell.

The Supreme Court properly denied the cross motion of the defendant Lormet Housing Development Fund Corporation for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiff's expert engineer's unchallenged statement that the low positioning of the banister on the staircase was a significant and dangerous departure from accepted standards and the applicable building code, and the plaintiff's deposition testimony that she tried to grab the banister to stop her fall, but it was too low for her to reach, raised an issue of fact as to whether the alleged low positioning of the banister was a proximate cause of the plaintiff's injuries (see Kanarvogel v Tops Appliance City, 271 AD2d 409, 411 [2000]; Lievano v Browning School, 265 AD2d 233 [1999]; Courtney v Abro Hardware Corp., 286 App Div 261 [1955], affd 1 NY2d 717 [1956]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.