■ JOSEPH VISCUSI, Appellant, v CHRISTINA FENNER et al., Respondents, et al., Defendant. [781 NYS2d 121]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated August 25, 2003, which granted the separate motions of the defendants Christina Fenner and Gerald Sargent for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Christine Fenner and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant Christina Fenner to the appellant and one bill of costs payable by the appellant to the defendant Gerald Sargent, and the complaint is reinstated insofar as asserted against the defendant Christina Fenner.

The plaintiff commenced this action seeking to recover damages for injuries he allegedly sustained when he slipped and fell while descending an exterior brick staircase at the premises owned by the defendant Christina Fenner. Fenner had retained the defendant Gerald Sargent as a general contractor to perform construction work on the premises.

Contrary to Fenner's contention, there are issues of fact which precluded the granting of her motion for summary judgment dismissing the complaint insofar as asserted against her. Fenner acknowledged that the exterior staircase did not have a handrail, and she did not establish, as a matter of law, that the premises was exempt from the applicable building code ordinances (*see Orlick v Granit Hotel & Country Club*, 30 NY2d 246 [1972]; *Major v Waverly & Ogden*, 7 NY2d 332 [1960]; *Hotzoglou*

*v Hotzoglou*, 221 AD2d 594 [1995]; *Eidlitz v Village of Dobbs Ferry*, 97 AD2d 747 [1983]; *Lattimore v Falcone*, 35 AD2d 1069 [1970]). In fact, "[e]ven if the fall was precipitated by a misstep, 'if a hand-rail had been furnished, the [plaintiff] might have held on to it as he descended the stairs, and could have avoided falling. Therefore, the absence of the rail, if required by law, would seem to be a proximate cause of the accident' " (*Lattimore v Falcone, supra* at 1069, quoting *Courtney v Abro Hardware Corp.*, 286 App Div 261, 262 [1955], *affd* 1 NY2d 717 [1956]; *see Kanarvogel v Tops Appliance City*, 271 AD2d 409, 411 [2000]; *Hotzoglou v Hotzoglou, supra*; *see also Lievano v Browning School*, 265 AD2d 233 [1999]).

However, the Supreme Court properly granted Sargent's motion for summary judgment dismissing the complaint insofar as asserted against him. Sargent sustained his initial burden of demonstrating his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Picerno v New York City Tr. Auth.*, 4 AD3d 349, 350 [2004]; *Kalogerides v Citibank*, 233 AD2d 298 [1996]) and the plaintiff did not raise a triable issue of fact in opposition to the motion (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.