(August 15, 2005)

■ HARRY BLOECHLE et al., Respondents, v RALPH RANIERI et al., Defendants, and TNM CONSTRUCTION CORP., Appellant. [799 NYS2d 749]—

In an action to recover damages for personal injuries, etc., the defendant TNM Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated May 26, 2004, as denied that branch of its motion which was for summary judgment dismissing the cause of action sounding in common-law negligence insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 1994 the appellant TNM Construction Corp. was retained by the defendants Ralph Ranieri and Kim Marie Ranieri to perform renovations on a house they had purchased, including the construction of a second story and a balcony. The construction was completed in May 1995. Thereafter, in November 1999, while replacing windows on the second floor of the house, the plaintiff Harry Bloechle leaned against the railing of the balcony and fell to the ground when a portion of the railing gave way, thereby sustaining personal injuries.

On a motion for summary judgment, the movant initially bears the burden of setting forth evidentiary facts sufficient to entitle that party to judgment as a matter of law. Only then does the burden shift to the opposing party to come forward with proof (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Fabbricatore v Lindenhurst Union Free School Dist.,* 259 AD2d 659 [1999]). The appellant failed to submit sufficient evidence to establish as a matter of law that the accident was not proximately caused by any negligence on its part. Thus, the appellant failed to meet its burden of establishing its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Consequently, the burden never shifted to the plaintiffs to establish the existence of a triable issue of fact, and the sufficiency of the plaintiffs' papers need not be considered (*see Kolosovskiy v Vitale,* 7 AD3d 579 [2004]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.