■ LEONARDA ASARO, Appellant, v MARIA MONTALVO et al., Respondents. [812 NYS2d 558]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated June 1, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell while descending an interior staircase at the defendants' home.

The defendants acknowledged that the segment of the staircase where the plaintiff fell did not have a handrail, and they did not establish, as a matter of law, that the premises was exempt from the applicable building code ordinance (*see Viscusi v Fenner*, 10 AD3d 361 [2004]). However, they contend that the plaintiff's alleged failure or inability to establish the cause of her fall was fatal to her case (*see Hennington v Ellington*, 22 AD3d 721 [2005]; *Birman v Birman*, 8 AD3d 219 [2004]).

Contrary to the conclusion of the Supreme Court, the defendants failed to establish a prima facie entitlement to judgment as a matter of law. Even if the fall was precipitated by a misstep, "[g]iven the plaintiff's testimony that [she] reached out to try to stop [her] fall, there is an issue of fact as to whether the absence of [handrails] was a proximate cause of [her] injury" (*Kanarvogel v Tops Appliance City*, 271 AD2d 409, 411 [2000]; *see Viscusi v Fenner, supra* at 362; *Lattimore v Falcone*, 35 AD2d 1069 [1970]). Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.