■ PRISCILLA OCASIO et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants, et al., Defendant. [827 NYS2d 265]—

In an action to recover damages for personal injuries, etc., the defendants Board of Education of the City of New York and City of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 7, 2005, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging negligent design insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action seeking to recover damages for injuries the infant plaintiff allegedly sustained when, upon being pushed by a schoolmate, he fell down a staircase at Public School 8 during an after-school program run by the de-

fendant YMCA of Greater New York. It is undisputed that there was no handrail on the right side of the staircase where the infant plaintiff was walking.

The Supreme Court properly denied that branch of the motion of the defendants Board of Education of the City of New York and City of New York (hereinafter collectively the City) which was for summary judgment dismissing the cause of action alleging negligent design of the staircase insofar as asserted against them. In response to the City's prima facie showing of entitlement to summary judgment, the plaintiffs raised triable issues of fact as to proximate cause and whether the infant plaintiff's injuries were foreseeable (*see Li v Midland Assoc., LLC,* 26 AD3d 473, 474 [2006]; *Canela v Audobon Gardens Realty Corp.,* 304 AD2d 702, 702-703 [2003]). The testimony of the infant plaintiff at the General Municipal Law § 50-h hearing and at his deposition demonstrated that he tried to grab the handrail on the opposite side of the stairs to stop his fall, but could not reach it. The unchallenged statement of the plaintiffs' expert engineer demonstrated that the absence of a handrail on the right side of the staircase was a violation of the applicable building code. Thus, there are triable issues of fact as to whether the absence of the handrail was a proximate cause of the infant plaintiff's injuries and whether the fact that he was pushed by a fellow student severed any nexus between the City's alleged negligence in the design of the staircase and his injuries (*see Scala v Scala,* 31 AD3d 423 [2006]; *Asaro v Montalvo,* 26 AD3d 306, 307 [2006]; *Viscusi v Fenner,* 10 AD3d 361, 362 [2004]; *Cruz v Lormet Hous. Dev. Fund Corp.,* 7 AD3d 660 [2004]; *Kanarvogel v Tops Appliance City,* 271 AD2d 409, 411 [2000]). Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.