Sharon Jackson, Respondent, v John J. Fenton, Jr., et al., Appellants. [831 NYS2d 260]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated October 12, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. A plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action (*see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]; *Fox v Watermill Enters., Inc.*, 19 AD3d 364 [2005]; *Rodriguez v Cafaro*, 17 AD3d 658 [2005]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]; *Bitterman v Grotyohann*, 295 AD2d 383 [2002]). Here, however, in the examination before trial transcript submitted by the defendants in

support of their motion, the plaintiff clearly identified the cause of her fall as the worn tread cover and the absence of a handrail on the right hand side of the subject winding staircase. Thus, the defendants failed to establish that the staircase was not in a hazardous condition (*see Palmer v 165 E. 72nd Apt. Corp.*, 32 AD3d 382 [2006]; *Grayson v Hall*, 31 AD3d 606 [2006]; *Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2004]; *Ranftle v City Athletic Club*, 20 AD2d 716 [1964]). The defendants also failed to establish that they did not create or have actual or constructive notice of the alleged defective condition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). The fact that the alleged defective condition of the staircase was open and obvious only raises an issue of fact as to the plaintiff's comparative negligence (*see Dunitz v J.L.M. Consulting Corp.*, 22 AD3d 455 [2005]).

Inasmuch as the defendants did not establish their entitlement to judgment as a matter of law, there is no need to review the sufficiency of the plaintiff's opposition papers (*see Bloechle v Ranieri*, 21 AD3d 435 [2005]). Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.