■ JUDITH AVINA, Appellant, v THOMAS R. VERBURG et al., Respondents. [850 NYS2d 295]—

Mercure, J.P. Appeal from an order of the Supreme Court (McDonough, J.), entered May 4, 2007 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

In April 2003, plaintiff was injured when she slipped on a concrete sidewalk that led from exterior stairs to the entrance of defendants' residence. At the time of the incident, moderate freezing rain was falling and plaintiff was attempting to deliver a fruit basket from her employer. The basket weighed approximately 12 to 14 pounds and had no handle. Plaintiff testified at her examination before trial that she successfully climbed the stairs but, once she stepped onto the walkway, she began slipping and realized that ice was present. Thereafter, plaintiff commenced this action, alleging that she was injured as a result of defendants' negligence in maintaining their driveway and concrete walk areas. Following joinder of issue, Supreme Court granted defendants' motion for summary judgment and dismissed the complaint. Plaintiff appeals and we now affirm.

Plaintiff asserts that defendants failed to meet their initial burden of demonstrating entitlement to summary judgment because they did not establish that the exterior stairs were compliant with applicable building codes. Plaintiff relies upon defendants' alleged violation of those codes as evidence of negligence (*see Chapman-Raponi v Vescio*, 11 AD3d 1042, 1043 [2004]; *Viscusi v Fenner*, 10 AD3d 361, 361-362 [2004]; *see also*

*Brigandi v Piechowicz*, 13 AD3d 1105, 1105-1106 [2004]). While plaintiff is correct that defendants failed to establish that the stairs were not in violation of any applicable building codes, we agree with Supreme Court that defendants nevertheless met their burden by demonstrating prima facie that the lack of a handrail on the stairs was not a proximate cause of plaintiff's fall. In connection with their motion for summary judgment, defendants relied upon plaintiff's deposition testimony and her markings on photographs demonstrating that she slipped on defendants' concrete walkway—not on the stairs—and that she fell towards their residence, well away from the stairs. Both plaintiff's deposition testimony and an affidavit of a licensed meteorologist demonstrated that freezing rain falling at the time of the accident created the icy condition that caused plaintiff to slip. Inasmuch as "[a] party in possession or control of real property has a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (*Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668 [1994]; *accord Convertini v Stewart's Ice Cream Co.*, 295 AD2d 782, 783 [2002]), this evidence satisfied defendants' initial burden on their motion for summary judgment.

In order to create a triable issue of fact in response, "plaintiff was obligated to provide proof 'sufficient to permit a finding of proximate cause based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (*Larkins v Hayes*, 267 AD2d 524, 525 [1999], quoting *Ellis v County of Albany*, 205 AD2d 1005, 1007 [1994]). That is, plaintiff must demonstrate that "defendant[s'] [alleged] negligence was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Moreover, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a prima facie showing of entitlement to summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In that regard, plaintiff asserted that she slipped while ascending defendants' stairway, and relied upon her deposition testimony that she normally uses a handrail while ascending stairs and an expert affidavit concluding that the stairs were in violation of applicable building codes because they did not have a handrail. As noted above, however, plaintiff's deposition testimony and markings on photographs illustrate that she had successfully climbed the stairs and was on defendants' walkway when she slipped. Accordingly, "[t]he possibility that handrails would have prevented [plaintiff's] fall is unfounded speculation, which is insufficient to deny summary judgment," and Supreme Court

properly dismissed the complaint (*Sauer v Mannino*, 309 AD2d 1053, 1054 [2003]; *see Daria v Beacon Capital Co.*, 299 AD2d 312, 312 [2002]; *Larkins v Hayes*, 267 AD2d at 525-526; *see also Ellis v County of Albany*, 205 AD2d at 1007-1008; *cf. Scala v Scala*, 31 AD3d 423, 424-425 [2006]; *Courtney v Abro Hardware Corp.*, 286 App Div 261, 262 [1955], *affd* 1 NY2d 717 [1956]).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.