■ JOSEPH SPALLINA et al., Appellants, v ST. CAMILLUS CHURCH et al., Respondents. [862 NYS2d 552]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 27, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff Joseph Spallina (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell while walking down a ramp inside a parochial school owned and operated by the defendants. At his deposition, the injured plaintiff testified that it was raining on the day of the accident, and that the

ramp was damp, slippery, and not equipped with handrails. The defendants subsequently moved for summary judgment dismissing the complaint, contending that they did not have notice of the slippery condition, and that handrails were not required because the ramp was used for deliveries rather than to provide access for the handicapped. The Supreme Court granted the defendants' motion, finding that they had established that they had no notice of the alleged dangerous condition on the ramp, and that handrails were not required by the Administrative Code of the City of New York. We reverse.

In this action involving a fall on an allegedly defective ramp, the defendants had the burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that they maintained their property in a reasonably safe condition (*see Andrini v Navarra,* 49 AD3d 575 [2008]; *Mokszki v Pratt,* 13 AD3d 709, 710 [2004]). The defendants failed to make a prima facie showing of their entitlement to summary judgment because they failed to demonstrate, as a matter of law, that the subject ramp need not have been equipped with handrails (*see Scala v Scala,* 31 AD3d 423, 424 [2006]; *Asaro v Montalvo,* 26 AD3d 306, 307 [2006]; *Viscusi v Fenner,* 10 AD3d 361 [2004]). Moreover, there are issues of fact as to whether the failure to equip the ramp with handrails constituted a violation of the subject building code ordinances, and whether the lack of handrails was a proximate cause of the accident (*see Ocasio v Board of Educ. of City of N.Y.,* 35 AD3d 825 [2006]; *Grayson v Hall,* 31 AD3d 606 [2006]; *Scala v Scala,* 31 AD3d 423 [2006]; *Peters v 1625 E. 13th St. Owners, Inc.,* 18 AD3d 456 [2005]; *Viscusi v Fenner,* 10 AD3d 361 [2004]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.