■ Karen Christian et al., Appellants, v Railroad Deli Grocery, Defendant, and Joe II Realty Corp., Respondent. [869 NYS2d 213]—

On the morning of January 24, 2005, the plaintiff Karen Christian (hereinafter the injured plaintiff) went to a deli located on the first floor of a building owned by the defendant Joe II Realty Corp. (hereinafter the respondent). When she left, she slipped on ice that had accumulated on a concrete ramp leading down from the door of the deli to the sidewalk, fell on the ramp, and allegedly sustained certain injuries. The injured plaintiff and her husband, suing derivatively, then commenced the instant personal injury action against the respondent and another defendant.

In the first order appealed from, the Supreme Court, inter alia, granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In the second order appealed from, the Supreme Court, among other things, upon, in effect, reargument, adhered to its original determination.

The Supreme Court, upon reargument, should have vacated

its original determination and denied that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the Supreme Court's determination, in opposition to the respondent's demonstration of its prima facie entitlement to judgment as a matter of law, the plaintiffs raised triable issues of fact (*see Grayson v Hall*, 31 AD3d 606, 606-607 [2006]). The plaintiffs provided evidence tending to show that the respondent was negligent, specifically, an affidavit from a "certified safety professional" establishing that it violated certain applicable building code provisions which required that the ramp have a handrail (*see Major v Waverly & Ogden*, 7 NY2d 332, 336 [1960]). Furthermore, the injured plaintiff's deposition testimony that she unsuccessfully attempted to "reach[ ]" out and "grab for something . . . to hold on to" after slipping on the ice, raised a triable issue of fact as to whether the absence of a handrail required by law was a proximate cause of her injuries (*see Ocasio v Board of Educ. of City of N.Y.*, 35 AD3d 825, 826 [2006]; *Scala v Scala*, 31 AD3d 423, 425 [2006]; *Asaro v Montalvo*, 26 AD3d 306, 307 [2006]; *Viscusi v Fenner*, 10 AD3d 361, 361-362 [2004]; *Hotzoglou v Hotzoglou*, 221 AD2d 594 [1995]; *see also Spallina v St. Camillus Church*, 53 AD3d 650, 651 [2008]).

The plaintiffs' contention that the Supreme Court erred in denying that branch of their motion which was for leave to renew has been rendered academic in light of our determination (*see Payano v Milbrook Props., Ltd.*, 39 AD3d 518, 520 [2007]). Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.