■ GIACOMO CAMARDA et al., Respondents, v SPUTNIK RESTAURANT CORP., Doing Business as ESQUIRE DINER, et al., Appellants. [883 NYS2d 715]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Dorsa, J.), entered May 19, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages for injuries allegedly sustained as a result of a slip-and-fall accident on the exterior stairs leading to the entrance of the defendants' diner. The plaintiffs allege that it was raining on the day of the accident, which made the stairs in question—outdoor steps exposed to weather conditions—slippery and dangerous. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We affirm.

The defendants did not establish their prima facie entitlement to summary judgment, as they failed to refute the plaintiffs' contention that Administrative Code of the City of New York § 27-376, which requires roofing over certain exterior stairs, was applicable to the stairs on which the fall occurred (*see Mansfield v Dolcemascolo,* 34 AD3d 763, 764 [2006]; *Savarese v Sacred Hearts & St. Stephen's Church,* 309 AD2d 848 [2003]; *Gaston v New York City Hous. Auth.,* 258 AD2d 220 [1999]), or establish that the lack of roofing over the stairs was not a proximate cause of the accident (*see Avina v Verburg,* 47 AD3d 1188, 1188-1189 [2008]; *Chapman-Raponi v Vescio,* 11 AD3d 1042, 1043 [2004]; *Viscusi v Fenner,* 10 AD3d 361, 361-362 [2004]). Therefore, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 852 [1985]; *Lesocovich v 180 Madison Ave. Corp.,* 81 NY2d 982, 985 [1993]). As such, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.