■ SAMUEL E. VELEZ, Appellant, v 955 TENANTS STOCKHOLDERS, INC., Respondent. [887 NYS2d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Starkey, J.), dated January 27, 2009, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him on December 12, 2005, when he slipped and fell from the top of a stairway at the defendant's premises. The defendant moved for summary judgment dismissing the complaint, arguing that the so-called "storm in progress" doctrine precluded recovery, and that any alleged defect in the handrail of the stairway did not proximately cause the plaintiff's accident. The Supreme Court granted the defendant's motion. We reverse.

The defendant established, prima facie, that it neither created nor had actual or constructive notice of the allegedly dangerous condition created by snow and water that allegedly accumulated in the subject stairway. In opposition, the plaintiff failed to raise a triable issue of fact in this regard (*see Tomao v City of New York,* 61 AD3d 674, 674 [2009]; *Negron v St. Patrick's Nursing Home,* 248 AD2d 687 [1998]; *see also Marchese v Skenderi,* 51 AD3d 642, 642-643 [2008]). However, viewing the evidence in the light most favorable to the plaintiff (*see Wilson v Rojas,* 63 AD3d 1048, 1049 [2009]), the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law by eliminating all issues of fact as to whether the existing single handrail violated applicable statutory and code provisions, whether the presence of another handrail was required, and whether the defendant's alleged failures in this regard proximately caused the plaintiff's accident (*see Palmer v 165 E. 72nd Apt. Corp.,* 32 AD3d 382 [2006]; *Asaro v Montalvo,* 26 AD3d 306, 307 [2006]; *Viscusi v Fenner,* 10 AD3d 361, 361-362 [2004]; *see also Christian v Railroad Deli Grocery,* 57 AD3d 599, 601 [2008]; *Martinez v Melendez,* 32 AD3d 999, 1000 [2006];

*Scala v Scala,* 31 AD3d 423, 425 [2006]; *Cruz v Lormet Hous. Dev. Fund Corp.,* 7 AD3d 660 [2004]). Contrary to the defendant's contention, as the movant, it had the burden of refuting the plaintiff's contention that the stairway where the accident took place was in violation of certain statutory and code provisions (*see Camarda v Sputnik Rest. Corp.,* 65 AD3d 561 [2009]; *Viscusi v Fenner,* 10 AD3d at 361-362; *cf. Asaro v Montalvo,* 26 AD3d at 307; *Hotzoglou v Hotzoglou,* 221 AD2d 594 [1995]).

The defendant's remaining contentions are raised for the first time on appeal and, therefore, are not properly before this Court. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.