(January 12, 2010)

■ DOMINGA ANTONIA, Respondent, v JOYCE SROUR, Respondent. [893 NYS2d 186]—

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell on a stairway as she was leaving the defendant's home. The defendant moved for summary judgment dismissing the complaint, asserting, inter alia, that the plaintiff failed to identify the cause of her accident. The Supreme Court granted the defendant's motion. We reverse.

"In a trip and fall case, [a] plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Louman v Town of Greenburgh,* 60 AD3d 915, 916 [2009] [internal quotation marks and citations omitted]; *see Knox v United Christian Church of God, Inc.,* 65 AD3d 1017 [2009]; *Scott v Rochdale Vil., Inc.,* 65 AD3d 621 [2009]; *Howe v Flatbush Presbyt. Church,* 48 AD3d 419, 420 [2008]; *Jackson v Fenton,* 38 AD3d 495 [2007]; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]). At her deposition, the plaintiff testified that, as she was descending the stairs, her foot "twisted," and she fell. She did not know what caused her foot to twist. However, she also testified that she "tried to grab on to something but there was no handrails, that's why I fell." Moreover, photographs demonstrate that there was no handrail. The defendant thus failed to establish her prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Even if the plaintiff's fall

was precipitated by a misstep, given her testimony that she reached out to try to stop her fall, there is an issue of fact as to whether the absence of a handrail was a proximate cause of her injury (*see Cusumano v City of New York,* 63 AD3d 5 [2009]; *Palmer v 165 E. 72nd Apt. Corp.,* 32 AD3d 382 [2006]; *Scala v Scala,* 31 AD3d 423, 424 [2006]; *Asaro v Montalvo,* 26 AD3d 306, 307 [2006]; *Viscusi v Fenner,* 10 AD3d 361, 362 [2004]; *Kanarvogel v Tops Appliance City,* 271 AD2d 409, 411 [2000]; *Hotzoglou v Hotzoglou,* 221 AD2d 594 [1995]; *Lattimore v Falcone,* 35 AD2d 1069 [1970]; *see also Christian v Railroad Deli Grocery,* 57 AD3d 599, 601 [2008]; *Jackson v Fenton,* 38 AD3d 495 [2007]). Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.