■ ROSEANN BOUDREAU-GRILLO, Appellant, v BENJAMIN RAMIREZ et al., Respondents. [904 NYS2d 485]—

In action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered January 4, 2010, which granted the motion of the defendant Benjamin Ramirez and the separate motion of the defendants Julie C. Magee and Timothy M. Magee, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of

costs payable by the defendants appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them are denied.

On May 20, 2008 the plaintiff allegedly slipped and fell while attempting to walk down an interior staircase within a residence owned by the defendant Benjamin Ramirez, part of which Ramirez rented to the defendants Julie C. Magee and Timothy M. Magee (hereinafter together the Magees). The staircase led from the kitchen within the portion of the home rented by the Magees, to a foyer for the back entrance to the home and the door to the basement apartment, which was utilized by Ramirez. Upon arriving at the residence, the plaintiff, a real estate agent who was there to preview the residence for clients interested in renting it, gained entry to the home through the use of a lock box at the rear entrance and climbed the subject staircase. On her way up the staircase to the kitchen, she noticed shoes on various steps. The plaintiff did not recall shoes being on the top step. It is undisputed that the subject staircase had no handrail.

When walking down that same staircase following Mrs. Magee on their way down to the basement apartment, the plaintiff allegedly slipped when she stepped on something which she believed to be a shoe situated on the top step, which caused her to fall down the remaining four or five steps. Although the plaintiff did not see a shoe on the top step as she stepped down, she testified at her deposition that she could not see the top step because the kitchen door opened over the staircase. She also stated that as she reached out to balance herself, she hit the door, "which came back at [her]." As she "tried to grab onto something, there was nothing to grab onto," and her right ankle rolled, causing her to lose her balance and fall down the staircase.

Prior to the accident, which allegedly occurred at approximately 1:30 P.M., Mrs. Magee had used the subject staircase on two occasions, at approximately 8:00 A.M. and 10:00 A.M., and on those two occasions she did not observe shoes on the steps. Both of the Magees testified that their family would remove their shoes and leave them on the tiled floor of the back entrance foyer; however, on occasion, both had observed shoes on the steps. Ramirez testified at his deposition that he never observed any shoes on the subject staircase.

Ramirez and the Magees separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions, and the plaintiff appeals. We agree with the plaintiff that the Supreme Court improperly granted the motions.

The defendants failed to establish their prima facie entitlement to summary judgment. "An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (*Farrar v Teicholz*, 173 AD2d 674, 676 [1991]; *see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]; *Millman v Citibank*, 216 AD2d 278 [1995]). "In a trip and fall case, [a] plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009] [internal quotation marks and citations omitted]; *see Knox v United Christian Church of God, Inc.*, 65 AD3d 1017 [2009]; *Scott v Rochdale Vil., Inc.*, 65 AD3d 621 [2009]; *Howe v Flatbush Presbyt. Church*, 48 AD3d 419, 420 [2008]; *Jackson v Fenton*, 38 AD3d 495 [2007]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). If a defendant can show that a plaintiff was unable to explain the reason for his or her fall and prove "that the stairway in question was not defective" (*Dalinedesroches v Lazard*, 70 AD3d 626 [2010]), summary judgment is appropriate.

Here, with respect to the plaintiff's allegation that she stepped on what she believed to be a shoe situated on the top step of the subject staircase before she fell, the Supreme Court properly determined that a jury would be required to speculate that the shoe caused the plaintiff's fall (*see Sheffield v Joseph*, 4 AD3d 522 [2004]; *Sanchez v City of New York*, 305 AD2d 487 [2003]; *Robinson v Lupo*, 261 AD2d 525 [1999]).

However, with respect to the absence of a handrail for the subject staircase, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Antonia v Srour*, 69 AD3d 666 [2010]; *Wajdzik v YMCA of Greater N.Y.*, 65 AD3d 586 [2009]; *Asaro v Montalvo*, 26 AD3d 306 [2006]). Even if the plaintiff suffered a misstep causing her to fall, given the plaintiff's deposition testimony that when she reached out to balance herself the door "came back at [her]" and as she "tried to grab onto something, there was nothing to grab onto, and [she] fell," in addition to pleading that the lack of a handrail caused her to fall, a triable issue of fact exists as to whether the absence of the handrail was a proximate cause of the plaintiff's injury (*see Antonia v Srour*, 69 AD3d 666 [2010]; *Palmer v 165 E. 72nd Apt. Corp.*, 32 AD3d 382 [2006]; *Wajdzik v YMCA of Greater N.Y.*, 65 AD3d 586 [2009]; *Asaro v Montalvo*, 26 AD3d 306 [2006]).

Accordingly, the Supreme Court erred in granting the motions for summary judgment dismissing the complaint. Since

the defendants did not establish their entitlement to judgment as a matter of law, we do not need to reach the question of the sufficiency of the plaintiff's opposition papers (*see Wajdzik v YMCA of Greater N.Y.*, 65 AD3d at 587; *Jackson v Fenton*, 38 AD3d 495 [2007]; *Bloechle v Ranieri*, 21 AD3d 435 [2005]).

The Magees' remaining contention is not properly before this Court, as it is raised for the first time on appeal. Rivera, J.P., Balkin, Austin and Roman, JJ., concur.