■ HAROLD WININGER et al., Appellants, v CONGREGATION NECHLAS MEHARIM et al., Respondents, et al., Defendant. [920 NYS2d 423]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 10, 2010, which granted the motion of the defendants Congregation Nechlas Meharim and Aaron Brandwein for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Congregation Nechlas Meharim and Aaron Brandwein for summary judgment dismissing the complaint insofar as asserted against them is denied.

On March 13, 2008, the plaintiff Harold Wininger (hereinafter the injured plaintiff) was struck by a door while entering a synagogue in Brooklyn. The plaintiff and his wife, suing derivatively, commenced the instant action alleging, among other things, negligence and personal injuries. The defendants Congregation Nechlas Meharim and Aaron Brandwein (herein-

after together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that motion. We reverse.

Viewing the evidence in the light most favorable to the plaintiff, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law. The defendants failed to eliminate all triable issues of fact as to whether the existing steps, handrail, and door violated applicable statutory and code provisions, and whether the alleged failures in this regard proximately caused the injured plaintiff's accident and alleged injuries (*see Velez v 955 Tenants Stockholders, Inc.*, 66 AD3d 1005 [2009]; *Palmer v 165 E. 72nd Apt. Corp.*, 32 AD3d 382 [2006]; *Asaro v Montalvo*, 26 AD3d 306, 307 [2006]). Since the defendants did not establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982 [1993]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Camarda v Sputnik Rest. Corp.*, 65 AD3d 561 [2009]). As such, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.