CHRISTINE PALMER, Appellant, v PRIMA PROPERTIES, INC., Respondent. [956 NYS2d 537]—

The defendant failed to establish its prima facie entitlement to judgment as a matter of law, as it did not demonstrate that the stairs in question need not have been equipped with a hand-

rail (*see Wajdzik v YMCA of Greater N.Y.*, 65 AD3d 586 [2009]). Moreover, if a handrail was required, a triable issue of fact was raised by the plaintiff's deposition testimony, which was submitted by the defendant in support of its motion, as to whether the lack of a handrail was a proximate cause of the plaintiff's injuries (*see Boudreau-Grillo v Ramirez*, 74 AD3d 1265 [2010]; *Antonia v Srour*, 69 AD3d 666 [2010]; *Wajdzik v YMCA of Greater N.Y.*, 65 AD3d 586 [2009]; *Asaro v Montalvo*, 26 AD3d 306 [2006]).

Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Since the defendant failed to meet its prima facie burden in the first instance, the Supreme Court should have denied the defendant's motion regardless of the sufficiency of the plaintiff's opposition papers (*see Boudreau-Grillo v Ramirez*, 74 AD3d at 1267-1268; *Wajdzik v YMCA of Greater N.Y.*, 65 AD3d at 587). Skelos, J.P., Hall, Roman and Cohen, JJ., concur.