■ Barbara Lee, Appellant, v Joel Acevedo et al., Respondents. [59 NYS3d 66]—

Appeal from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated March 25, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained after she fell backwards down a basement staircase inside the defendants' home. The plaintiff testified at a deposition that she was standing on a landing at the top of the staircase, attempting to close a bedroom door that opened onto the landing, and that when she stepped backwards, her foot did not step on the landing, and she fell. The plaintiff further testified that as she was fall-

ing, she reached out to grab onto something to stop her fall or to change her trajectory, but there was nothing for her to grab onto. It is undisputed that the basement staircase did not have handrails on the date of the accident.

The plaintiff alleged that the size and the configuration of the landing at the top of the basement staircase constituted a dangerous condition since there was insufficient room to safely close the bedroom door. The plaintiff further alleged that the defendants were negligent in failing to provide a handrail on either side of the staircase. The defendants moved for summary judgment dismissing the complaint, arguing that a dangerous condition did not exist and that, in any event, the negligence alleged in the complaint was not a proximate cause of the accident. In support of their motion, the defendants submitted, inter alia, their own deposition testimony and that of the plaintiff.

In the order appealed from, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals, and we reverse.

The owner of property has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotations marks omitted]; *see Behrens v North Merrick Fruits, Inc.*, 148 AD3d 972, 973 [2017]). "[An] owner, however, has no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous" (*Salomon v Prainito*, 52 AD3d 803, 805 [2008]; *see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). "The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury" (*Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813, 814 [2012]; *see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The deposition testimony submitted by the defendants failed to eliminate all triable issues of fact as to whether the conditions alleged in the complaint were inherently dangerous, and the defendants submitted no other proof on this issue. Accordingly, the evidence submitted by the defendants did not establish, prima facie, that the allegedly dangerous conditions were open and obvious and not inherently dangerous (*see Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855, 856 [2013]; *Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d at 815; *Villano v Strathmore*

*Terrace Homeowners Assn., Inc.*, 76 AD3d at 1061-1062; *Crafa v Marshalls of MA, Inc.*, 57 AD3d 937, 937 [2008]).

Furthermore, the defendants failed to establish, prima facie, that the allegedly dangerous conditions were not a proximate cause of the plaintiff's accident. To the contrary, in support of their motion, the defendants submitted the plaintiff's deposition testimony, which demonstrated that a triable issue of fact exists as to whether the absence of a handrail was a proximate cause of her injury (*see Boudreau-Grillo v Ramirez*, 74 AD3d 1265, 1267 [2010]; *Antonia v Srour*, 69 AD3d 666 [2010]; *Christian v Railroad Deli Grocery*, 57 AD3d 599, 601 [2008]; *Spallina v St. Camillus Church*, 53 AD3d 650, 651 [2008]; *Asaro v Montalvo*, 26 AD3d 306 [2006]; *cf. Plowden v Stevens Partners, LLC*, 45 AD3d 659 [2007]). Nor did the defendants establish, in light of the plaintiff's testimony, that the size and configuration of the landing was not a proximate cause of the accident (*see generally Acton v 1906 Rest. Corp.*, 147 AD3d 1277, 1278 [2017]; *Griffin v Sadauskas*, 14 AD3d 930, 930-931 [2005]; *Burton v State of New York*, 90 AD2d 585, 586 [1982]).

Since the defendants failed to meet their prima facie burden, their motion should have been denied without consideration of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In light of the foregoing, we need not reach the parties' remaining contentions. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.