Craig v Meadowbrook Pointe Homeowner's Assn., Inc. (2018 NY Slip Op 00819)





Craig v Meadowbrook Pointe Homeowner's Assn., Inc.


2018 NY Slip Op 00819


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-13459
 (Index No. 601599/15)

[*1]Josephine Craig, appellant, 
v
Meadowbrook Pointe Homeowner's Association, Inc., respondent.


Stern & Szpigiel, LLP, Mineola, NY (Yisroel Szpigiel of counsel), for appellant.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Eileen M. Baumgartner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Capetola, J.), entered December 21, 2016, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
On August 26, 2014, the plaintiff allegedly tripped and fell on an elevated piece of concrete on a pool deck in the condominium community known as Meadowbrook Pointe, located in Westbury. The plaintiff commenced this action against the defendant, the owner of the premises, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that the condition alleged was trivial as a matter of law and, therefore, not actionable. The plaintiff cross-moved for summary judgment on the issue of liability. In the order appealed from, the Supreme Court granted the motion and denied the cross motion.
A property owner has a duty to keep the property in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotations marks omitted]; see Lee v Acevedo, 152 AD3d 577). Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). However, property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see id. at 977). There is no "minimal dimension test or per se rule" that the condition must be of a certain height or depth to be actionable (id. [internal quotation marks omitted]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance' of the injury" (id. at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274; see Hutchinson v Sheridan Hill House Corp., 26 [*2]NY3d 66). " Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable'" (Kavanagh v Archdiocese of the City of N.Y., 152 AD3d 654, 655, quoting Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risk it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; see Parente v City of New York, 144 AD3d 1117). In support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of the plaintiff and the assistant manager for the defendant's property management company, as well as color copies of photographs of the area where the plaintiff tripped and fell. Viewed in the light most favorable to the plaintiff as the nonmovant, the evidence submitted by the defendant failed to eliminate all triable issues of fact as to the dimensions of the alleged defect and failed to establish, prima facie, that the condition was trivial and, therefore, not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-83; Padarat v New York City Tr. Auth., 137 AD3d 1095, 1096-1097; Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d 1073, 1075). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the plaintiff's contention, she failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability. The plaintiff failed to establish, prima facie, that the raised portion of concrete decking at issue constituted a dangerous or defective condition. Accordingly, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendant's opposing papers (see id. at 853).
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court